

1  Robert N. Phillips (SBN 120970)
   HOWREY SIMON ARNOLD & WHITE, LLP
2  301 Ravenswood Avenue
   Menlo Park, California  94025-3434
3  Telephone:  (650) 463-8100
   Facsimile:  (650) 463-8400
4
   Peter E. Moll
5  HOWREY SIMON ARNOLD & WHITE, LLP
   1299 Pennsylvania Avenue, N.W.
6  Washington, DC  20004
   Telephone:  (202) 783-0800
7  Facsimile:  (202) 383-6610

8  Attorneys for Plaintiff
   INTEL CORPORATION
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13  INTEL CORPORATION, a Delaware          )  Case No. C 03-01998 CW
    corporation,                           )
14                                         )  **FIRST AMENDED COMPLAINT FOR**
                  Plaintiff,               )  **DAMAGES AND INJUNCTIVE RELIEF**
15                                         )
           vs.                             )
16                                         )
    INTELL MANAGEMENT & INVESTMENT         )
17  CO., a Delaware corporation, INTELL    )
    MANAGEMENT & INVESTMENT CO., a         )
18  Missouri corporation, INTELL VENTURA,  )
    LLC, a California limited liability company, )
19  INTELL OJAI, LLC, a California limited liability )
    company, INTEL CALIFORNIA, LLC, a      )
20  California limited liability company, INTELL )
    WHITE PLAINS, LLC, a New York limited  )
21  liability company, and GARY BARNETT, an )
    individual,                            )
22                                         )
                  Defendants.              )
23  _____

24

25         Plaintiff Intel Corporation, by its attorneys, alleges as follows:

26

27         1.    This action arises from Defendants' use of a trade name and service mark that

28  incorporates and is essentially identical to one of the most famous trademarks in the world —

    Case No. C03-01998 CW
    First Amended Complaint for Damages and Injunctive
    Relief

    DM_US\8013058.v1

1    INTEL®.  By combining "Intell" with generic phrases such as "Management & Investment Co." or

2    "California," Defendants have caused and are likely to continue to cause confusion that Intel is the

3    source or sponsor of Defendants' management and investment services, or that there is an association

4    between the companies.  In addition, Defendants' acts are causing, and/or are likely to cause, dilution

5    of the INTEL trademark.  Consequently, Intel seeks injunctive relief and damages for injuries that have

6    been, and will continue to be, caused by Defendants' use of the Intell  trade name and service mark in

7    violation of the Lanham Act (15 U.S.C. §§ 1051-1127 *et seq.*), Federal false designation of origin law

8    (15 U.S.C. § 1125(a)), Federal Trademark Dilution Act of 1995 (15 U.S.C. § 1125(c)), California

9    statutory trademark infringement law (Cal. Bus. and Prof. Code § 14335), California Dilution Act (Cal.

10   Bus. and Prof. Code § 14330), California statutory unfair competition law (Cal. Bus. and Prof. Code

11   § 17200California common law doctrines of passing off and unfair competition, ), New York Dilution

12   Act (N.Y. Gen. Bus. Law § 360-1), Texas Dilution Act (Tex. Bus. & Comm. Code § 16.29), Missouri

13   Dilution Act (Mo. Rev. Stat. § 417.061), and Massachusetts Dilution Act (Mass. Gen. Law Ch. 110B §

14   12)

15   **I.    JURISDICTION AND VENUE**

16         2.      This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C.

17   §§ 1331, 1332, 1338 and 1367.  Intel's claims are, in part, based on violations of the Lanham Act, as

18   amended, 15 U.S.C. §§ 1051-1127.  The Court has jurisdiction over the state law claims pursuant to 28

19   U.S.C. §§ 1332, 1338(b), and 1367.

20         3.      Venue lies in the Northern District of California pursuant to 28 U.S.C. § 1391(b) and

21   (c).  Intel is informed and believes that Defendants transact or have transacted business in this District

22   and may otherwise be found here, and a substantial part of the events, omissions, and injuries giving

23   rise to Intel's claims occurred in this District.

24   **II.    THE PARTIES**

25         4.      Plaintiff Intel is a Delaware corporation having its principal place of business at 2200

26   Mission College Boulevard, Santa Clara, California.  Intel develops, manufactures and sells a broad

27   spectrum of high-technology, state-of-the-art products, ranging from the bedrock "ingredients" of

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-01998 CW                                          -2-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

1  computing architecture and personal computers, such as microprocessors, microchips, chip sets,

2  computer memory, circuit boards, computer systems, and software, to communications, networking,

3  and Internet related products.  Intel also uses its mark in connection with computer, communications

4  and Internet services.  Intel is widely recognized as a world leader in high-technology products and

5  services.  Intel's products and services are sold worldwide and throughout the United States, including

6  the Northern District of California.

7      5.      Defendant Intell Management & Investment Co.  a Delaware corporation ("Intell"), has

8  its principal places of business at 225 W. 86th St., New York, NY 10024 and 9420 Bunsen Pkwy, Suite

9  108, Louisville, Kentucky.  Intell is a national developer, construction and asset manager of office,

10  retail and multifamily properties throughout the United States, including California.

11      6.      Intell was named, and at all times wholly-owned and controlled, by defendant Gary

12  Barnett ("Barnett"), an individual residing in the State of New York, who is the President of Intell.

13  Barnett, through Intell, seeks investors for its real estate projects throughout the United States and

14  abroad.

15      7.       Barnett also has created, named, invested in and controls numerous other affiliated

16  and/or related entities that use the Intell name such as Intell Kentucky, Inc., Intell Louisville, LLC,

17  Intell Management Company, Intell St. Louis LLC,  Intell 34th Street LLC,  Intell Utah, LLC, Intell 65

18  East 96th Street, LLC, Intell West 57th Street, LLC, and Intell Boston Harbor, LLC, in connection with

19  Barnett's and/or Intell's real estate purchase, development, management, and sale activities

20  (hereinafter referred to as "Intell Affiliates").  Barnett's investors become members of the Intell

21  Affiliates that ultimately take title to the corresponding real estate properties.

22      8.      Defendant Intell Management and Investment Co. a Missouri corporation ("Intell

23  Missouri"), has its principal place of business at 225 W. 86th St., New York, NY 10024.  Intell

24  Missouri was named, and at all times wholly-owned and controlled, by Barnett, and used by Barnett

25  and/or Intell as a contracting entity for real estate acquisitions throughout the United States, including

26  California.

27

28

**HOWREY
SIMON
ARNOLD &
WHITE**

Case No. C03-01998 CW                    -3-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

9.    Defendant Intell Ventura, LLC is a California limited liability company created, named and controlled by Barnett and/or Intell in connection with the purchase, attempted development, and sale of real property located in Ojai, California, and is another of Barnett's Intell Affiliates.

10.    Dfendant Intell Ojai, LLC is a California limited liability company created, named and controlled by Barnett and/or Intell in connection with the purchase, attempted development and sale of real property located in Ojai, California, and is another of Barnett's Intell Affiliates.

11.    Defendant Intell California, LLC is a California limited liability company created, named and controlled by Barnett and/or Intell in connection with the purchase, management and sale of an office building located in Santa Ana, California, and is another of Barnett's Intell Affiliates.

12.    Defendant Intell White Plains, LLC is a New York limited liability company created, named and controlled by Barnett and/or Intell and has conducted business in the State of California in connection with the purchase, attempted development and sale of real property located in Ojai, California, and is another of Barnett's Intell Affiliates.

III.    **INTEL'S BUSINESS AND MARKS**

13.    Intel develops, manufactures and sells a variety of computing, communications, and Internet-related software and hardware products and related services.  Intel's customers and/or ultimate purchasers have included individual consumers, businesses, schools, computer manufacturers, industrial manufacturers, telecommunications equipment manufacturers, the government, the aircraft industry and the military.

14.    For more than 30 years, Intel has used INTEL as a trade name, trademark and service mark throughout the United States and the world to identify virtually its entire line of products and services.  INTEL is one of the most valuable and respected names and trademarks in the world, and among the most famous names and trademarks in the technology industry.  Indeed, the Wall Street Journal has regularly recognized the INTEL mark as one of America's most valuable brand names.  As early as 1993, Financial World ranked the INTEL brand as third, behind Coca-Cola and Marlboro. Similarly, from 1996 to the present, Fortune Magazine has annually celebrated Intel as one of the top ten "Most Admired Corporations in America" – an honor Intel has shared alongside such companies as

HOWREY
SIMON
ARNOLD &
WHITE

General Electric, Microsoft and Coca-Cola.  In 2002, Business Week reported that the INTEL brand was ranked fifth in Interbrand's World's Most Valuable Brands Survey, with an estimated value of $30.8 billion.

15.    Intel uses INTEL as its "house mark" on or in connection with virtually every product and service it sells.  In 2002 alone, Intel sold over $26.7 billion of INTEL branded goods and services and, in the last decade, Intel has sold over $225 billion of products and services under the INTEL name and mark.  In addition, Intel sells directly to the public, through its website at www.shopintel.com, a variety of non-technology related goods under its INTEL brand, including clothing, accessories, toys, stationary, luggage and traveling gear, watches, key rings, pens and pencils, mugs and water bottles.

16.    As part of Intel's ongoing efforts to remain at the cutting edge of the technology sector, Intel often makes strategic investments in other businesses.  Intel's strategic investment program, known as Intel Capital, is one of the largest worldwide corporate venture programs investing in the technology segment.  Intel Capital's portfolio includes businesses located throughout the United States, and Intel Capital routinely deploys investment managers to cover major metropolitan areas such as New York, Dallas, Washington D.C. and Atlanta.  Intel also has substantial real estate holdings and is actively involved in the purchase, development and management of its worldwide research and development facilities and fabrication plants, and is an active community member where it maintains facilities and fabrication plants.

17.    Intel is the owner of numerous U.S. trademark registrations for the mark INTEL, including the following:

a.    Intel is the owner of U.S. Trademark Registration Nos. 914,978 and 938,772 issued on June 15, 1971 and July 25, 1972, respectively, for the mark INTEL for use in connection with integrated circuits, registers and semiconductor memories and equipment for the testing and programming thereof.  These registrations, duly and legally issued by the United States Patent and Trademark Office, are valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.  Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.  Copies of these registrations are attached hereto as Exhibits A and B.

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-01998 CW                    -5-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

1      b.   Intel is the owner of U.S. Trademark Registration No. 939,641 issued on August 1,

2  1972 for the mark INTEL for use in connection with integrated circuits, registers, and semiconductor

3  memories.  This registration, duly and legally issued by the United States Patent and Trademark

4  Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.  Intel uses the notice of

5  registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is

6  attached hereto as Exhibit C.

7      c.   Intel is the owner of U.S. Trademark Registration No. 1,022,563, issued on October

8  14, 1975, for the mark INTEL for use in connection with microcomputers, microcontrollers, and

9  microprocessors.  This registration, duly and legally issued by the United States Patent and Trademark

10  Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.  Intel uses the notice of

11  registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is

12  attached hereto as Exhibit D.

13      d.   Intel is the owner of U.S. Trademark Registration No. 2,171,778, issued on July 7,

14  1998, for the mark INTEL for use in connection with, among other things, computer operating system

15  software, computer hardware, integrated circuits, integrated circuit chips, microprocessors, printed

16  circuit boards, video circuit boards, audio-video circuit boards, video graphic accelerators, multimedia

17  accelerators, video processors, computer hardware and software for the development, maintenance, and

18  use of interactive audio-video computer conference systems, and computer hardware and software for

19  the receipt, display and use of broadcast video, audio and data signals.  This registration, duly and

20  legally issued by the United States Patent and Trademark Office, is valid and subsisting.  Intel uses the

21  notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.  A copy of this

22  registration is attached hereto as Exhibit E.

23      e.   Intel is the owner of U.S. Trademark Registration No. 2,446,693, issued on

24  April 24, 2001, for the mark INTEL for use in connection with, among other things, computers,

25  computer hardware, software for use in operating and maintaining computer systems, microprocessors,

26  integrated circuits, computer chipsets, computer motherboards, computer graphics boards, computer

27  networking hardware, computer peripherals, video apparatus, video circuit boards, apparatus and

28

HOWREY
SIMON
ARNOLD &
WHITE

1  equipment for recording, processing, receiving, reproducing, transmitting, modifying, compressing,

2  decompressing, broadcasting, merging and/or enhancing sound, video images, graphics, and data,

3  electronic control boxes for the interface and control of computer and global computer networks with

4  television and cable broadcast equipment, video conferencing equipment, computer programs for

5  recording, processing, receiving, reproducing, transmitting, modifying, compressing, decompressing,

6  broadcasting, merging, and/or enhancing sound, video, images, graphics, and data, and video

7  conferencing equipment.  This registration, duly and legally issued by the United States Patent and

8  Trademark Office, is valid and subsisting.  Intel uses the notice of registration, "®," with its INTEL

9  mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is attached hereto as Exhibit F.

10              f.   Intel is the owner of U.S. Trademark Registration No. 2,462,327, issued on June 19,

11  2001, for the mark INTEL for use in connection with, among other things, digital cameras and PC

12  cameras, computer hardware and software for use in imaging and photographic applications; CD

13  ROMs for imaging and photographic applications, imaging sensors; interactive multimedia computer

14  game programs, and interactive video game programs.  This registration, duly and legally issued by the

15  United States Patent and Trademark Office, is valid and subsisting.  Intel uses the notice of

16  registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is

17  attached hereto as Exhibit G.

18              g.   Intel is the owner of U.S. Trademark Registration No. 2,585,551, issued on June 25,

19  2002, for the mark INTEL for use in connection with, among other things, computer services including

20  computer web site design services, development of interactive web pages, development of local and

21  wide area computer networks, computer diagnostic services, provision of electronic information

22  services, electronic bulletin board services, computer hardware, installation and repair services and

23  education services in the field of computers.  This registration, duly and legally issued by the United

24  States Patent Office, is valid and subsisting.  Intel uses the notice of registration "®," with its INTEL

25  mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is attached hereto as Exhibit H.

26              h.   Intel is the owner of U.S. Trademark Registration No. 2,365,149, issued on July 4,

27  2000, for the mark INTEL for use in connection with financing services.  This registration, duly and

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-01998 CW                    -7-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

1    legally issued by the United States Patent Office, is valid and subsisting.  Intel uses the notice of

2    registration "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is

3    attached hereto as Exhibit I.

4            i.    Intel is the owner of U.S. Trademark Registration No. 2,444,762, issued on

5    April 17, 2001, for the mark INTEL for use in connection with, among other things, leasing of

6    computer equipment, leasing of office furniture, and leasing of office equipment.  This registration,

7    duly and legally issued by the United States Patent Office, is valid and subsisting.  Intel uses the notice

8    of registration "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is

9    attached hereto as Exhibit J.

10            j.    Intel is the owner of U.S. Trademark Registration No. 1,573,324, issued on

11    December 26, 1989, for the mark INTEL for use in connection with printed material, namely, technical

12    manuals, pamphlets, user and product manuals, all of which relate to the field of information and data

13    technology and semiconductor devices.  This registration, duly and legally issued by the United States

14    Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.

15    Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.  A copy

16    of this registration is attached hereto as Exhibit K.

17            k.    Intel is the owner of U.S. Trademark Registration No. 1,723,243, issued on

18    October 13, 1992, for the mark INTEL for use in connection with metal key rings, watches, note paper,

19    note cards, posters, microprocessor chip die plot prints as art prints, pencils, ball point pens, ink pens

20    and stationery folders; plastic key chain tags; mugs and water bottles sold empty, jigsaw puzzles, golf

21    balls, golf tees and golf ball markers.  This registration, duly and legally issued by the United States

22    Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.

23    Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.  A copy

24    of this registration is attached hereto as Exhibit L.

25            l.    Intel is the owner of U.S. Trademark Registration No. 1,725,692, issued on

26    October 20, 1992, for the mark INTEL for use in connection with, among other things, sport bags, gym

27    bags and carry-on bags; towels, and clothing.  This registration, duly and legally issued by the United

28

1    States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C.

2    § 1065.  Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.

3    A copy of this registration is attached hereto as Exhibit M.

4          m.   Intel is the owner of U.S. Trademark Registration No. 2,194,121 issued on

5    October 6, 1998, for the mark INTEL for use in connection with printed materials, namely, books,

6    magazines, newsletters, journals, operating manuals, users guides, pamphlets, and brochures about, for

7    use with and directed to users of, computer operating system software; computer operating programs;

8    computer system extensions; computer system tools; computer system utilities; computer application

9    software; computer firmware; computer hardware; computer peripherals; computer components;

10   integrated circuits; integrated circuit chips; semiconductor processors; semiconductor processor chips;

11   microprocessors; printed circuit boards; electronic circuit boards; computer memory devices;

12   semiconductor memory devices; video circuit boards; audio circuit boards; audio-video circuit boards;

13   video graphic accelerators; multimedia accelerators; video processors; fax/modems; computer

14   hardware and software for the transmission and receipt of facsimiles; computer hardware and software

15   for the development, maintenance, and use of local and wide area computer networks; computer

16   hardware and software for the development, maintenance, and use of interactive audio-video computer

17   conference systems; computer hardware and software for the receipt, display, and use of broadcast

18   video, audio, and digital data signals; and computer hardware and software for development, testing,

19   programming, and production of hardware and software.  This registration, duly and legally issued by

20   the United States Patent and Trademark Office, is valid and subsisting.  Intel uses the notice of

21   registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is

22   attached hereto as Exhibit N.

23         n.   Intel is the owner of U.S. Trademark Registration No. 2,251,962 issued on June 8,

24   1999, for the mark INTEL for use in connection with clocks, belt buckles, jewelry, charms, cuff links,

25   earrings, key chains, necklaces, bracelets, necktie fasteners, lapel pins, money clip pendants, piggy

26   banks, tie pins, trophies and watches.  This registration, duly and legally issued by the United States

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-01998 CW                          -9-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

1    Patent and Trademark Office, is valid and subsisting.  Intel uses the notice of registration, "®," with its

2    INTEL mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is attached hereto as Exhibit O.

3                      o.   Intel is the owner of U.S. Trademark Registration No. 2,251,961 issued on June 8,

4    1999, for the mark INTEL for use in connection with binders, bookends, boxes for pens, calendars,

5    tablets, note cards and playing cards, self-adhesive pads, desk pads, and calendar pads, pens, pencils,

6    folders, paperweights, pen and pencil holders, photograph stands, rulers, erasers, markers, desk sets,

7    and desk organizers.  This registration, duly and legally issued by the United States Patent and

8    Trademark Office, is valid and subsisting.  Intel uses the notice of registration, "®," with its INTEL

9    mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is attached hereto as Exhibit P.

10                     p.   Intel is the owner of U.S. Trademark Registration No. 2,250,491 issued on June 1,

11   1999, for the mark INTEL for use in connection with travel bags, luggage, school bags, back packs,

12   beach bags, duffel bags, fanny packs, and umbrellas.  This registration, duly and legally issued by the

13   United States Patent and Trademark Office, is valid and subsisting.  Intel uses the notice of

14   registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is

15   attached hereto as Exhibit Q.

16                     q.   Intel is the owner of U.S. Trademark Registration No. 2,254,525 issued on June 15,

17   1999, for the mark INTEL for use in connection with T-shirts, shirts, beachwear, loungewear,

18   sweaters, sweatshirts, sweat suits, coveralls, jackets, ties, headwear, cardigans, gym suits, hats, jogging

19   suits, neckties, polo shirts, scarves and infant rompers.  This registration, duly and legally issued by the

20   United States Patent and Trademark Office, is valid and subsisting.  Intel uses the notice of

21   registration, "®," with its INTEL mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is

22   attached hereto as Exhibit R.

23                     r.   Intel is the owner of U.S. Trademark Registration No. 2,261,531 issued on July 13,

24   1999, for the mark INTEL for use in connection with toys, namely, stuffed toys, toys, plush toys, dolls,

25   bean bags, games, namely board games, stand alone video games, and Christmas tree ornaments.  This

26   registration, duly and legally issued by the United States Patent and Trademark Office, is valid and

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-01998 CW                        -10-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

1  subsisting.  Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C.

2  § 1111.  A copy of this registration is attached hereto as Exhibit S.

3          s.  Intel is the owner of U.S. Trademark Registration No. 2,276,580 issued on

4  September 7, 1999 for the mark INTEL for use in connection with mugs and sports bottles.  This

5  registration, duly and legally issued by the United States Patent and Trademark Office, is valid and

6  subsisting.  Intel uses the notice of registration, "®," with its INTEL mark pursuant to 15 U.S.C.

7  § 1111.  A copy of this registration is attached hereto as Exhibit T.

8          18.     In addition to using INTEL as a trade name and a trademark, Intel also owns a family of

9  trademarks that incorporate INTEL as a prominent component of the mark.  For example, in late 1990

10 and early 1991, Intel developed and launched a cooperative advertising and licensing program referred

11 to as the "Intel Inside Program."  As part of this program, Intel adopted and began to use the

12 trademarks INTEL INSIDE and INTEL INSIDE & SWIRL Logo through licensees for products such

13 as personal desktop computers, laptop computers and workstations that actually include genuine Intel

14 microprocessors.  Among Intel's many thousands of OEM ("Original Equipment Manufacturers")

15 licensees worldwide are giants of the computer industry such as Dell, Gateway, Hewlett-Packard,

16 IBM, and Sony.  As early as 1992, Intel invested $50 million for advertising to support this very

17 successful licensing and cooperative advertising program.  Following upon the creation and launch of

18 the Intel Inside Program, in late 1992 and early 1993, was Intel's well-publicized launch of its famous

19 PENTIUM trademark which was supported by additional extensive advertising by Intel and its

20 licensees.  The INTEL and INTEL INSIDE trademarks were prominently associated with the launch of

21 the PENTIUM mark.  Since the Intel Inside program's launch, Intel's OEM licensees have advertised

22 and sold many billions of dollars worth of computer products bearing the INTEL INSIDE & SWIRL

23 Logo mark.  Intel itself has spent billions of dollars advertising the INTEL and INTEL INSIDE marks.

24 In fact, in 2002 alone, Intel spent approximately $1.7 billion on advertising and Intel's licensees spent

25 over $400 million.  Through extensive advertising and promotion by Intel and its licensees,

26 advertisements reflecting the INTEL and INTEL INSIDE marks have created an estimated hundreds of

27 billions of impressions.

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-01998 CW                    -11-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

19.    Intel is the owner of numerous U.S. trademark registrations for the mark INTEL INSIDE, including the following:

a.    Intel is the owner of U.S. Registered Trademark No. 1,702,463, issued on July 21, 1992, for the INTEL INSIDE & SWIRL Logo for use in connection with microprocessors.  This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.  Intel uses the notice of registration, "®," with its INTEL INSIDE & SWIRL Logo mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is attached hereto as Exhibit U.

b.    Intel is the owner of U.S. Trademark Registration No. 1,705,796, issued on August 4, 1992, for the mark INTEL INSIDE for use in connection with microprocessors.  This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.  Intel uses the notice of registration, "®," with its INTEL INSIDE mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is attached hereto as Exhibit V.

c.    Intel is the owner of U.S. Registered Trademark No. 2,179,209, issued on August 4, 1998, for the INTEL INSIDE mark for use in connection with various computer related products, including computer operating system software, computer operating programs, audio and video graphics, computer firmware, computer hardware, integrated circuits, microprocessors, printed circuit boards, computer memory devices, video circuit boards, audio-video circuit boards, video graphic accelerators, video processors, computer hardware and software for the development, maintenance, and use of local and wide area computer networks, computer hardware and software for the development, maintenance, and use of interactive audio-video computer conference systems, and computer hardware and software for the receipt, display, and use of broadcast video, audio, and digital data signals.  This registration, duly and legally issued by the United States Patent and Trademark Office, is valid and subsisting.  Intel uses the notice of registration, "®," with its INTEL INSIDE & SWIRL Logo mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is attached hereto as Exhibit W.

d.    Intel is the owner of U.S. Registered Trademark No. 2,188,280 issued on September 8, 1998, for the INTEL INSIDE & SWIRL Logo for use in connection with computer products

Case No. C03-01998 CW                              -12-
First Amended Complaint for Damages and Injunctive Relief

HOWREY
SIMON
ARNOLD &
WHITE

DM_US\8013058.v1

including computer operating system software, computer operating programs, audio and video

graphics, computer hardware, integrated circuits, microprocessors, printed circuit boards, electronic

circuit boards, computer memory devices, video circuit boards, audio-video circuit boards, video

graphic accelerators, multimedia accelerators, video processors, computer hardware and software for

the development, maintenance, and use of interactive audio-video computer conference systems, and

computer hardware and software for the receipt, display, and use of broadcast video, audio, and digital

data signals.  This registration, duly and legally issued by the United States Patent and Trademark

Office, is valid and subsisting.  Intel uses the notice of registration, "®," with its INTEL INSIDE &

SWIRL Logo mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is attached hereto as

Exhibit X.

e.   Intel is the owner of U.S. Trademark Registration No. 2,451,273, issued on May 15,

2001, for the INTEL INSIDE & SWIRL Logo for use in connection with products including computers,

computer hardware, software for use in operating and maintaining computer systems, microprocessors,

integrated circuits, computer peripherals and electronic apparatus for use with computers, video

apparatus, video circuit boards, apparatus and equipment for recording, processing, receiving,

reproducing, transmitting, modifying, compressing, decompressing, broadcasting, merging and/or

enhancing sound, video images, graphics, and data, and computer programs for recording processing,

receiving, reproducing, transmitting, modifying, compressing, decompressing, broadcasting, merging,

and/or enhancing sound, video, images, graphics, and data.  This registration, duly and legally issued by

the United States Patent and Trademark Office, is valid and subsisting.  Intel uses the notice of

registration, "®," with its INTEL INSIDE & SWIRL Logo mark pursuant to 15 U.S.C. § 1111.  A copy of

this registration is attached hereto as Exhibit Y.

f.   Intel is the owner of U.S. Trademark Registration No. 2,198,880 issued on

October 20, 1998, for the mark INTEL INSIDE for use in connection with printed materials, namely,

books, magazines, newsletters, journals, operating manuals, users guides, pamphlets, and brochures

about, for use with, and directed to users of, computer operating system software; computer operating

programs; computer system extensions; computer system tools; computer system utilities; computer

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-01998 CW                          -13-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

1  application software; computer firmware; computer hardware; computer peripherals; computer

2  components; integrated circuits; integrated circuit chips; semiconductor processors; semiconductor

3  processor chips; microprocessors; printed circuit boards; electronic circuit boards; computer memory

4  devices; semiconductor memory devices; video circuit boards; audio circuit boards; audio-video circuit

5  boards; video graphic accelerators; multimedia accelerators; video processors; fax/modems; computer

6  hardware and software for the transmission and receipt of facsimiles; computer hardware and software

7  for the development, maintenance, and use of local and wide area computer networks; computer

8  hardware and software for the development, maintenance, and use of interactive audio-video computer

9  conference systems; computer hardware and software for the receipt, display, and use of broadcast

10  video, audio, and digital data signals; and computer hardware and software for development, testing,

11  programming, and production of hardware and software.  This registration, duly and legally issued by

12  the United States Patent and Trademark Office, is valid and subsisting.  Intel uses the notice of

13  registration, "®," with its INTEL INSIDE mark pursuant to 15 U.S.C. § 1111.  A copy of this

14  registration is attached hereto as Exhibit Z.

15        g.   Intel is the owner of U.S. Trademark Registration No. 2,250,492 issued on June 1,

16  1999, for the mark INTEL INSIDE for use in connection with travel bags, luggage, school bags, back

17  packs, beach bags, duffel bags, and fanny packs.  This registration, duly and legally issued by the

18  United States Patent and Trademark Office, is valid and subsisting.  Intel uses the notice of

19  registration, "®," with its INTEL INSIDE mark pursuant to 15 U.S.C. § 1111.  A copy of this

20  registration is attached hereto as Exhibit AA.

21        h.   Intel is the owner of U.S. Trademark Registration No. 2,261,580 issued on July 13,

22  1999, for the mark INTEL INSIDE for use in connection with toys, namely, stuffed toys, plush toys,

23  dolls, bean bags, games, namely, board games, stand alone video games, and Christmas ornaments.

24  This registration, duly and legally issued by the United States Patent and Trademark Office, is valid

25  and subsisting.  Intel uses the notice of registration, "®," with its INTEL INSIDE mark pursuant to 15

26  U.S.C. § 1111.  A copy of this registration is attached hereto as Exhibit BB.

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-01998 CW                    -14-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

1          i.    Intel is the owner of U.S. Trademark Registration No. 2,256,061 issued on June 22,

2    1999, for the mark INTEL INSIDE for use in connection with mugs and sports bottles.  This

3    registration, duly and legally issued by the United States Patent and Trademark Office, is valid and

4    subsisting.  Intel uses the notice of registration, "®," with its INTEL INSIDE mark pursuant to 15

5    U.S.C. § 1111.  A copy of this registration is attached hereto as Exhibit CC.

6          j.    Intel is the owner of U.S. Trademark Registration No. 2,252,046 issued on June 8,

7    1999, for the mark INTEL INSIDE for use in connection with T-shirts, shirts, beachwear, loungewear,

8    sweatshirts, sweat suits, coveralls, jackets, ties, headwear, cardigans, gym suits, hats, jogging suits,

9    neckties, polo shirts and infant rompers.  This registration, duly and legally issued by the United States

10   Patent and Trademark Office, is valid and subsisting.  Intel uses the notice of registration, "®," with its

11   INTEL INSIDE mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is attached hereto as

12   Exhibit DD.

13         k.    Intel is the owner of U.S. Trademark Registration No. 2,289,657 issued on

14   October 26, 1999, for the mark INTEL INSIDE for use in connection with binders, boxes for pens,

15   tablets, note cards and playing cards, self-adhesive pads, desk pads, and calendar pads, pens, pencils,

16   folders, photograph stands, rulers, and markers.  This registration, duly and legally issued by the

17   United States Patent and Trademark Office, is valid and subsisting.  Intel uses the notice of

18   registration, "®," with its INTEL INSIDE mark pursuant to 15 U.S.C. § 1111.  A copy of this

19   registration is attached hereto as Exhibit EE.

20         l.    Intel is the owner of U.S. Trademark Registration No. 2,289,658 issued on

21   October 26, 1999, for the mark INTEL INSIDE for use in connection with clocks, jewelry, charms,

22   cuff links, earrings, key chains, necklaces, bracelets, necktie fasteners, lapel pins, money clips,

23   pendants, tie slides and watches.  This registration, duly and legally issued by the United States Patent

24   and Trademark Office, is valid and subsisting.  Intel uses the notice of registration, "®," with its

25   INTEL INSIDE mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is attached hereto as

26   Exhibit FF.

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-01998 CW                              -15-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

1    m.    Intel is the owner of U.S. Trademark Registration No. 2,547,565 issued on March

2    12, 2002, for the mark INTEL INSIDE & SWIRL Logo for use in connection with computer-related

3    and communications-related services, namely, support and consulting services for computer-related

4    and communications-related goods; providing information in the field of computer technology via the

5    global computer network; providing on-line publications, namely, books, brochures, white papers,

6    catalogs and pamphlets in the fields of computer and information technology; designing and

7    developing standards for others in the design and implementation of computer software, computer

8    hardware and telecommunications equipment; computer software, computer hardware and network

9    design services.  This registration, duly and legally issued by the United States Patent and Trademark

10    Office, is valid and subsisting.  Intel uses the notice of registration, "®," with its INTEL INSIDE &

11    SWIRL Logo mark pursuant to 15 U.S.C. § 1111.  A copy of this registration is attached hereto as

12    Exhibit GG.

13    n.    Intel is the owner of U.S. Trademark Registration No. 2,194,122 issued on October

14    6, 1998, for the mark INTEL INSIDE & SWIRL Logo for use in connection with printed materials,

15    namely, books, magazines, newsletters, journals, operating manuals, users guides, pamphlets, and

16    brochures about, for use with and directed to users of, computer operating system software; computer

17    operating programs; computer system extensions; computer system tools; computer system utilities;

18    computer application software; computer firmware; computer hardware; computer peripherals;

19    computer components; integrated circuits; integrated circuit chips; semiconductor processors;

20    semiconductor processor chips; microprocessors; printed circuit boards; electronic circuit boards;

21    computer memory devices; semiconductor memory devices; video circuit boards; audio circuit boards;

22    audio-video circuit boards; video graphic accelerators; multimedia accelerators; video processors;

23    fax/modems; computer hardware and software for the transmission and receipt of facsimiles; computer

24    hardware and software for the development, maintenance, and use of local and wide area computer

25    networks; computer hardware and software for the development, maintenance, and use of interactive

26    audio-video computer conference systems; computer hardware and software for the receipt, display,

27    and use of broadcast video, audio, and digital data signals; and computer hardware and software for

28

1   development, testing, programming, and production of hardware and software.  This registration, duly

2   and legally issued by the United States Patent and Trademark Office, is valid and subsisting.  Intel uses

3   the notice of registration, "®," with its INTEL INSIDE & SWIRL Logo mark pursuant to 15 U.S.C.

4   § 1111.  A copy of this registration is attached hereto as Exhibit HH.

5        20.     Intel owns many other trademark registrations for its family of INTEL-based marks.

6   These include:  INTEL TEAMSTATION, INTEL STRATAFLASH, INTEL INSIDE PENTIUM

7   PROCESSOR & DESIGN, INTEL QUICK WEB TECHNOLOGY, INTEL IMAGING & DESIGN,

8   INTEL SPEEDSTEP, INTEL XEON, INTEL INSIDE XEON, INTEL INSIDE PENTIUM !!! &

9   DESIGN, INTEL XSCALE, INTEL NETBURST, and INTEL NETMERGE.  Copies of these

10   registrations or evidence thereof are attached hereto as Exhibits II through TT.

11        21.     Further, Intel currently has two  pending applications to federally register trademarks

12   containing the mark INTEL.  These trademarks are INTEL NETSTRUCTURE and INTEL INSIDE

13   CENTRINO.

14        22.     Intel is the owner of several California state trademark registrations for the mark INTEL

15   including the following:

16            a.   Intel is the owner of California State Registered Trademark No. 63565 issued on

17   May 15, 1981 for the INTEL mark for use in connection with integrated circuits, registers and

18   semiconductor memories, and test and programming equipment for such products.  This registration,

19   duly and legally issued by the State of California, is valid and subsisting.  A copy of this registration is

20   attached hereto as Exhibit UU.

21            b.   Intel is the owner of California State Registered Trademark No. 94221 issued on

22   June 18, 1991 for the INTEL mark for use in connection with integrated circuits, registers and

23   semiconductor memories.  This registration, duly and legally issued by the State of California, is valid

24   and subsisting.  A copy of this registration is attached hereto as Exhibit VV.

25            c.   Intel is the owner of California State Registered Trademark No. 94220 issued on

26   June 18, 1991 for the INTEL mark for use in connection with printed material, namely technical

27   manuals, pamphlets, user and product manuals, all of which relate to the field of information and data

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-01998 CW                    -17-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

1   technology and semiconductor devices.  This registration, duly and legally issued by the State of

2   California, is valid and subsisting.  A copy of this registration is attached hereto as Exhibit WW.

3        23.   Through its extensive use of the INTEL mark and trade name, Intel also owns common

4   law trademark rights in its INTEL trademark and trade name for all of the goods and services and

5   activities identified herein.

6        24.   Intel maintains an Internet site on the World Wide Web at the address

7   http://www.intel.com.  Intel has used its trade name and trademark as an Internet address in order to

8   make it easy for customers to locate Intel's web site, and to identify that the web site is owned by Intel.

9   Intel's web site features the INTEL mark, INTEL INSIDE mark, INTEL INSIDE & SWIRL Logo

10  mark and Intel's many other INTEL composite marks.  The Intel web site receives millions of "hits"

11  per week.

12       25.   As a consequence of the extensive sales under, and advertising, promotion, and use of

13  the INTEL and INTEL composite marks, Intel has developed enormous recognition for its computer

14  products and services under the INTEL mark and has acquired and enjoys an immensely valuable

15  reputation and tremendous goodwill under the mark.  The INTEL mark is world renowned, and is a

16  "famous" mark for purposes of 15 U.S.C. § 1125(c)(1).

17  IV.   **DEFENDANTS' BUSINESS**

18       26.   Intel is informed and believes that Defendants purchase, develop, manage, and sell large

19  commercial and residential real estate properties for investors.  Defendants invest in and manage

20  property throughout the United States, including California.  Defendant Intell and Intell Missouri's

21  name, Intell Management & Investment Co., is essentially identical to the mark INTEL with the

22  addition of the generic phrase "Management & Investment Co."  The names of Barnett's Intell

23  Affiliates, such as Intell Kentucky and Intell Louisville, are likewise essentially identical to the mark

24  INTEL with the addition of geographic terms.  Intel is informed and believes that Intell, Intell

25  Missouri, and the Intell Affiliates  are commonly referred to as "Intell" by third parties.  "Intel" and

26  "Intell" have the identical sound and essentially identical appearance, conveying the same commercial

27  impression.

28

**HOWREY
SIMON
ARNOLD &
WHITE**

Case No. C03-01998 CW                          -18-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

27.    Intel is informed and believes that Defendants' use of the trade name and service mark Intell Management & Investment Co. and the trade names and service marks of each of the Intell Affiliates ("hereinafter collectively the INTELL mark") is orchestrated, controlled and directed by Barnett, and has caused and is likely to continue to cause confusion as to whether Defendants' services originate from or are sponsored by Intel, or whether there is an association between Defendants and Intel.  Defendants' acts also are diluting and likely to dilute the INTEL trademark by whittling away its unique source identifying quality.  Despite Intel's numerous attempts to explain its position and amicably resolve the dispute, Defendants have persisted in using the INTELL mark and have refused to voluntarily change it, leaving Intel no choice but to file this Complaint.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

28.    Intel realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 27 of this Complaint.

29.    Defendants either had actual notice and knowledge, or had constructive notice, of Intel's ownership and registrations of the INTEL mark pursuant to 15 U.S.C. § 1072 prior to Defendants' adoption and use of the INTELL mark.

30.    Upon information and belief, Defendants were aware of Intel's business and its INTEL mark and registrations prior to the adoption and use of the INTELL mark in connection with the advertising, marketing, distribution, or sale of Defendants' services under the INTELL mark.

31.    Upon information and belief, Defendants deliberately and willfully used and are using the INTELL mark in connection with the advertising, marketing, distribution, or sale of Defendants' services in an attempt to trade on the enormous goodwill, reputation, and selling power established by Intel under the INTEL mark.

32.    Upon information and belief, Defendants have marketed or advertised services, or caused to be marketed or advertised, services under the INTELL mark in interstate commerce.

33.    Upon information and belief, the services advertised, marketed, distributed, or sold by Defendants under the INTELL mark are moving and will continue to move through the same channels

HOWREY
SIMON
ARNOLD &
WHITE

of trade, and are being marketed or advertised and will continue to be marketed or advertised through the same channels of marketing or advertising, and to the same consumers, as Intel's goods and services that are sold and promoted under the INTEL and INTEL composite marks.

34.    Intel has not consented to Defendants' use of the INTELL mark.

35.    Defendants' unauthorized use of the INTELL mark falsely indicates to consumers that Defendants' services are in some manner connected with, sponsored by, affiliated with, or related to Intel, Intel's licensees, and the products and services of Intel and Intel's licensees.

36.    Defendants' unauthorized use of the INTELL mark also causes consumers to be confused as to the source, nature and quality of the services that Defendants are promoting or selling.

37.    Defendants' unauthorized use of the INTELL mark in connection with the advertising, marketing, distribution, or sale of its services allows, and will continue to allow, Defendants to receive the benefit of the goodwill established at great labor and expense by Intel and to gain acceptance of Defendants' services, not based on the merits of those services, but on Intel's reputation and goodwill.

38.    Defendants' unauthorized use of the INTELL mark in connection with the advertising, marketing, distribution, or sale of its services deprives Intel of the ability to control the consumer perception of the quality of the goods and services marketed under the INTEL mark, and places Intel's valuable reputation and goodwill in the hands of Defendants, over whom Intel has no control.

39.    The aforementioned activities of Defendants have caused confusion and are likely to cause further confusion, or to cause mistake, or to deceive consumers or potential consumers wishing to purchase Intel's products and services.

40.    The aforementioned acts of Defendants constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

41.    The intentional nature of the aforementioned acts of Defendants makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

42.    Intel has been, is now, and will be irreparably injured and damaged by Defendants' trademark infringement insofar as the public has been and/or is deceived into believing that the services marketed by Defendants are connected with, sponsored by, affiliated with, or related to Intel.

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-01998 CW                    -20-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

43.     Defendants' conduct has damaged Intel and will, unless enjoined by the Court, further impair the value of Intel's name, reputation, and goodwill.  This harm constitutes an injury for which Intel has no adequate remedy at law.

**SECOND CAUSE OF ACTION**
**FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

44.     Intel realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 43 of this Complaint.

45.     Defendants' unauthorized use of the INTELL mark in connection with the advertising, marketing, distribution, or sale of its services falsely suggests that these services are connected with, sponsored by, affiliated with, or related to Intel.

46.     Defendants' unauthorized use of the INTELL mark constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

47.     The intentional nature of the aforementioned acts of Defendants makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

48.     Intel has been, is now, and will likely be irreparably injured and damaged by Defendants' false designation of origin and/or false description insofar as the public has been and/or is induced to believe that Defendants' services are connected with, sponsored by, affiliated with, or related to Intel.

49.     Defendants' conduct has damaged Intel and will, unless enjoined by the Court, further impair the value of Intel's name, reputation, and goodwill.  This harm constitutes an injury for which Intel has no adequate remedy at law.

**THIRD CAUSE OF ACTION**
**FEDERAL TRADEMARK DILUTION**
**(15 U.S.C. § 1125(c))**

50.     Intel realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 49 of this Complaint.

51.     The INTEL mark is world-renowned.  It is a famous mark that is widely recognized by consumers, businesses and industry, and that identifies the products and services of Intel in the minds

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-01998 CW                    -21-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

1  of consumers.  Defendants' unauthorized use of the INTELL mark began after Intel's mark had

2  become famous.

3      52.    Defendants' unauthorized use of the INTELL mark in connection with the promotion,

4  distribution or sale of its services dilutes, and will continue to dilute, the strength of the INTEL mark,

5  which consumers, businesses and industry now associate with Intel and its products and services.

6      53.    Defendants' unauthorized use of the INTELL mark has, and will continue to have, an

7  adverse effect upon the value and distinctive quality of the INTEL mark.  Defendants' acts blur and

8  whittle away at the distinctiveness and identity-evoking quality of the INTEL mark.

9      54.    Defendants' acts dilute the value of Intel's goodwill in connection with the INTEL

10  mark and destroy the exclusive association between Intel and its INTEL and INTEL composite marks.

11      55.    Defendants' acts constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

12      56.    The intentional nature of Defendants' aforementioned acts makes this an exceptional

13  case pursuant to 15 U.S.C. § 1125(c)(2) and 15 U.S.C. § 1117(a).

14      57.    The aforementioned acts of trademark dilution have caused, and are causing, irreparable

15  injury to Intel.  Unless enjoined by this Court, Defendants will continue to dilute the value of the

16  INTEL mark, causing further irreparable injury to Intel for which there is no adequate remedy at law.

17                          **FOURTH CAUSE OF ACTION**
                   **INFRINGEMENT UNDER CALIFORNIA LAW**
18                      **(CAL. BUS. & PROF. CODE § 14335)**

19      58.    Intel realleges and incorporates herein by reference the matters alleged in Paragraphs

20  1 through 57 of this Complaint.

21      59.    Defendants' acts described above constitute trademark infringement in violation of

22  California Business and Professional Code § 14335, as they are likely to deceive the public.

23      60.    Defendants' acts of trademark infringement have caused and will continue to cause Intel

24  irreparable harm.  Intel has no adequate remedy at law for Defendants' trademark infringement.

25      61.    Intel is entitled to a judgment enjoining and restraining Defendants from engaging in

26  further infringement.

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-01998 CW                        -22-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

1

**FIFTH CAUSE OF ACTION**
**DILUTION UNDER CALIFORNIA LAW**
**(CAL. BUS. & PROF. CODE § 14330)**

2

3    62.    Intel realleges and incorporates herein by reference the matters alleged in paragraphs 1

4    through 62 of this Complaint.

5    63.    Intel owns and has used the term INTEL as a distinctive trade name and as a trademark

6    throughout the United States and the world in connection with a wide variety of goods and services for

7    more than 30 years.  The INTEL mark and name are valid under common law.  In fact, by reason of

8    Intel's longstanding and extensive use of its distinctive INTEL mark on a wide variety of products and

9    services, the widespread public identification of that mark with Intel's products and services, and the

10   success of the INTEL brand products and services in the marketplace, the INTEL mark is exceedingly

11   well-known and famous.

12   64.    Defendants' unauthorized use of the INTELL mark has diluted, and/or is likely to

13   dilute, the distinctive quality of the INTEL mark and trade name in violation of California Business &

14   Professional Code § 14330.

15   65.    Defendants willfully intended to trade on Intel's image and reputation and to dilute the

16   INTEL mark, acted with reason to know, or was willfully blind as to the consequences of its actions.

17   66.    Defendants' wrongful acts have caused and will continue to cause Intel irreparable

18   harm.  Intel has no adequate remedy at law for Defendants' dilution.

19   67.    Intel is entitled to a judgment enjoining and restraining Defendants from engaging in

20   further acts of dilution pursuant to California Business & Professional Code § 14330 et seq.

21

**SIXTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(CAL. BUS. & PROF. CODE § 17200)**

22

23   68.    Intel realleges and incorporates herein by reference the matters alleged in Paragraphs 1

24   through 68 of this Complaint.

25   69.    Defendants' acts described above constitute unfair competition in violation of

26   California Business and Professional Code § 17200 et seq., as they are likely to deceive the public.

27

28

70.     Defendants' acts of unfair competition have caused and will continue to cause Intel irreparable harm.  Intel has no adequate remedy at law for Defendants' unfair competition.

71.     Intel is entitled to a judgment enjoining and restraining Defendants from engaging in further unfair competition.

### SEVENTH CAUSE OF ACTION
### COMMON LAW PASSING OFF AND UNFAIR COMPETITION

72.     Intel realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 71 of this Complaint.

73.     Intel owns and has used the term INTEL as a distinctive trade name and trademark throughout the United States and the world in connection with a wide variety of goods and services for more than 30 years.  The INTEL mark and name are valid trademarks under state common law.

74.     Defendants' unauthorized use of the INTELL mark constitutes infringement and unfair competition of the INTEL mark in violation of the common law of California.

75.     Defendants' wrongful acts have caused and will continue to cause Intel irreparable harm.  Intel has no adequate remedy at law.

76.     Intel is entitled to a judgment enjoining and restraining Defendants from engaging in further acts of infringement and unfair competition.

### EIGHTH CAUSE OF ACTION
### DILUTION UNDER NEW YORK LAW
### (N.Y. GEN. BUS. LAW § 360-1)

77.     Intel realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 76 of this Complaint.

78.     Intel owns and has used the term INTEL as a distinctive trade name and as a trademark throughout the United States and the world in connection with a wide variety of goods and services for more than 30 years.  The INTEL mark and name are valid under common law.  In fact, by reason of Intel's longstanding and extensive use of its distinctive INTEL mark on a wide variety of products and services, the widespread public identification of that mark with Intel's products and services, and the

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-01998 CW                    -24-
First Amended Complaint for Damages and Injunctive Relief

DM_US\8013058.v1

1   success of the INTEL brand products and services in the marketplace, the INTEL mark is exceedingly

2   well-known and famous.

3       79.    Defendants Intell, Intell Missouri, Intell White Plains, LLC, and Barnett's unauthorized

4   use of the INTELL mark has diluted, and/or is likely to dilute, the distinctive quality of the INTEL

5   mark and trade name in violation of N.Y. Gen. Bus. Law § 360-1.

6       80.    Such defendants willfully intended to trade on Intel's image and reputation and to dilute

7   the INTEL mark, acted with reason to know, or were willfully blind as to the consequences of their

8   actions.

9       81.    Such defendants' wrongful acts have caused and will continue to cause Intel irreparable

10  harm.  Intel has no adequate remedy at law for such defendants' dilution.  Intel is entitled to a

11  judgment enjoining and restraining such defendants from engaging in further acts of dilution pursuant

12  to N.Y. Gen. Bus. Law § 360-1.

13                          **NINTH CAUSE OF ACTION**
                            **DILUTION UNDER TEXAS LAW**
14                       **(TEX. BUS. & COMM. CODE § 16.29)**

15      82.    Intel realleges and incorporates herein by reference the matters alleged in paragraphs 1

16  through 81 of this Complaint.

17      83.    Intel owns and has used the term INTEL as a distinctive trade name and as a trademark

18  throughout the United States and the world in connection with a wide variety of goods and services for

19  more than 30 years.  The INTEL mark and name are valid under common law.  In fact, by reason of

20  Intel's longstanding and extensive use of its distinctive INTEL mark on a wide variety of products and

21  services, the widespread public identification of that mark with Intel's products and services, and the

22  success of the INTEL brand products and services in the marketplace, the INTEL mark is exceedingly

23  well-known and famous.

24      84.    Defendants Intell, Intell Missouri, and Barnett's unauthorized use of the INTELL mark

25  has diluted, and/or is likely to dilute, the distinctive quality of the INTEL mark and trade name in

26  violation of Tex. Bus. & Comm. Code § 16.29.

27

28

**HOWREY
SIMON
ARNOLD &
WHITE**

Case No. C03-01998 CW                    -25-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

85.     Such defendants willfully intended to trade on Intel's image and reputation and to dilute the INTEL mark, acted with reason to know, or were willfully blind as to the consequences of their actions.

86.     Such defendants' wrongful acts have caused and will continue to cause Intel irreparable harm.  Intel has no adequate remedy at law for Defendants' dilution.  Intel is entitled to a judgment enjoining and restraining such defendants from engaging in further acts of dilution pursuant to Tex. Bus. & Comm. Code § 16.29.

## TENTH CAUSE OF ACTION
## DILUTION UNDER MISSOURI LAW
## (MO. REV. STAT. § 417.061)

87.     Intel realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 86 of this Complaint.

88.     Intel owns and has used the term INTEL as a distinctive trade name and as a trademark throughout the United States and the world in connection with a wide variety of goods and services for more than 30 years.  The INTEL mark and name are valid under common law.  In fact, by reason of Intel's longstanding and extensive use of its distinctive INTEL mark on a wide variety of products and services, the widespread public identification of that mark with Intel's products and services, and the success of the INTEL brand products and services in the marketplace, the INTEL mark is exceedingly well-known and famous.

89.     Defendants Intell, Intell Missouri, and Barnett's unauthorized use of the INTELL mark has diluted, and/or is likely to dilute, the distinctive quality of the INTEL mark and trade name in violation of Mo. Rev. Stat. § 417.061.

90.     Such defendants willfully intended to trade on Intel's image and reputation and to dilute the INTEL mark, acted with reason to know, or were willfully blind as to the consequences of their actions.  Such defendants' wrongful acts have caused and will continue to cause Intel irreparable harm. Intel has no adequate remedy at law for such defendants' dilution.  Intel is entitled to a judgment enjoining and restraining such defendants from engaging in further acts of dilution pursuant to Mo. Rev. Stat. § 417.061.

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-01998 CW                    -26-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

## ELEVENTH CAUSE OF ACTION
## DILUTION UNDER MASSACHUSETS LAW
### (MASS. GEN. LAW CH. 110B § 12)

91.    Intel realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 90 of this Complaint.

92.    Intel owns and has used the term INTEL as a distinctive trade name and as a trademark throughout the United States and the world in connection with a wide variety of goods and services for more than 30 years.  The INTEL mark and name are valid under common law.  In fact, by reason of Intel's longstanding and extensive use of its distinctive INTEL mark on a wide variety of products and services, the widespread public identification of that mark with Intel's products and services, and the success of the INTEL brand products and services in the marketplace, the INTEL mark is exceedingly well-known and famous.

93.    Defendants Intell, Intell Missouri, and Barnett's unauthorized use of the INTELL mark has diluted, and/or is likely to dilute, the distinctive quality of the INTEL mark and trade name in violation of Mass. Gen. Law Ch. 110B § 12.

94.    Such defendants willfully intended to trade on Intel's image and reputation and to dilute the INTEL mark, acted with reason to know, or were willfully blind as to the consequences of their actions.  Such defendants' wrongful acts have caused and will continue to cause Intel irreparable harm. Intel has no adequate remedy at law for such defendants' dilution.  Intel is entitled to a judgment enjoining and restraining such defendants from engaging in further acts of dilution pursuant to Mass. Gen. Law Ch. 110B § 12.

### PRAYER FOR RELIEF

WHEREFORE, Intel prays for relief as follows:

1.    A judgment, pursuant to 28 U.S.C. § 2201, declaring that Defendants, its officers, agents, servants, employees, and representatives and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from (1) using in any manner the INTEL mark, or any name and mark that wholly incorporates the INTEL mark or is confusingly similar to or a colorable imitation of this mark, including, without limitation, the INTELL mark; (2) doing any act or

HOWREY
SIMON
ARNOLD &
WHITE

1    thing calculated or likely to cause confusion or mistake in the minds of members of the public, or

2    prospective customers of Intel's products or services, as to the source of the products or services

3    offered for sale, distributed, or sold, or likely to deceive members of the public, or prospective

4    customers, into believing that there is some connection between Defendants and Intel; and (3)

5    committing any of the acts which will tarnish, blur, or dilute, or likely to tarnish, blur, or dilute the

6    distinctive quality of the famous INTEL mark;

7         2.    A judgment ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this

8    Court and serve upon Intel within thirty (30) days after entry of the injunction, a report in writing

9    under oath setting forth in detail the manner and form in which Defendants has complied with the

10   injunction and implemented adequate and effective means to discontinue services under the INTELL

11   mark;

12        3.    A judgment ordering Defendants, pursuant to 15 U.S.C. § 1118, to deliver up for

13   destruction, or to show proof of said destruction or sufficient modification to eliminate the infringing

14   matter, all articles, packages, wrappers, products, displays, labels, signs, circulars, kits, packaging,

15   letterheads, business cards, advertisements, promotional items, literature, sales aids, receptacles or

16   other matter in the possession, custody, or under the control of Defendants or its agents or distributors

17   bearing the trademark INTEL in any manner, or any mark that is confusingly similar to or a colorable

18   imitation of this mark, including without limitation the INTELL mark, both alone and in combination

19   with other words or terms including all plates, molds, matrices, and other means of making the same;

20        4.    A judgment that Defendants account for and disgorge to Intel all of the profits realized

21   by Defendants, or others acting in concert or participating with Defendants, resulting from Defendants'

22   acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition,

23   all relating to Defendants' use of the INTELL mark;

24        5.    A judgment, as to all Counts, awarding compensatory and punitive damages suffered

25   plus interest, in an amount to be determined;

26

27

28

**HOWREY
SIMON
ARNOLD &
WHITE**

Case No. C03-01998 CW                    -28-
First Amended Complaint for Damages and Injunctive
Relief

DM_US\8013058.v1

1    6.    A judgment that Intel be awarded three times Defendants' profits from its use of the

2  INTELL mark, or three times Intel's damages, whichever is greater, together with its reasonable

3  attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b);

4    7.    A judgment that Intel recover the costs of this action plus interest;

5    8.    A judgment ordering Defendants to take all steps necessary to remove the name Intell

6  Management and Investment Co., and all of its other entities' names that contain "Intell," in the

7  records of the Offices of the Secretary of State or equivalent agencies in each of the states Defendants

8  or its other entities are incorporated or qualified to do business; and

9    9.    A judgment that Intel be granted such other and further relief as the Court deems just

10  and proper.

11  Dated:  April 29, 2004                    Respectfully submitted,

12                                           HOWREY SIMON ARNOLD & WHITE, LLP

13

14
                                   By:   /s/ Robert N. Phillips
15                                       Robert N. Phillips
                                         HOWREY SIMON ARNOLD & WHITE, LLP
16                                       301 Ravenswood Avenue
                                         Menlo Park, California 94025-3434
17
                                         Peter E. Moll
18                                       HOWREY SIMON ARNOLD & WHITE, LLP
                                         1299 Pennsylvania Avenue, N.W.
19                                       Washington, DC  20004

20                                       Attorneys for Plaintiff
                                         INTEL CORPORATION
21

22

23

24

25

26

27

28